UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDYTHE L. DYER,
    Plaintiff,

v.            CIVIL ACTION NO. 15-12820-MPK[1]

U.S BANK, N.A., AS TRUSTEE
FOR CSFB MORTGAGE-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-2,
and WELLS FARGO BANK,
N.A., D/B/A AMERICA'S
SERVICING COMPANY,
    Defendants.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (#8).

KELLEY, U.S.M.J.

I. Introduction

Plaintiff Edythe Dyer resides at 41 Commonwealth Avenue unit #9, Boston, Massachusetts (the "Property"). (#1-1 at 3.) Dyer filed the instant action in the Massachusetts Superior Court in Suffolk County on May 26, 2015. (#1.) Defendants U.S. Bank, N.A. and Wells Fargo Bank, N.A. subsequently removed the action to the

---

[1] On July 8, 2015, with the parties' consent, this case was reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (#7.)

United States District Court for the District of Massachusetts. *Id.* On July 9, 2015, Plaintiff moved for a preliminary injunction to prevent Defendant U.S. Bank from foreclosing on the Property (#8), and Defendants responded (#10). At this juncture, the motion has been fully briefed (##8, 9, 10) and a hearing has been held on the matter. After full consideration, the motion for preliminary injunction is denied for the reasons set out below.

## II. Facts

Plaintiff entered into a mortgage agreement with Dreamhouse Mortgage Corporation on March 31, 2004 in the amount of $540,000.00.[2] (#1-1 at 5; #10-1.) Dyer granted the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Dreamhouse and its successors and assigns. (*See* #10-3.) In 2007, Dyer defaulted on the mortgage. (#10 at 1.) On June 5, 2008, in response to Defendant U.S. Bank's attempt to foreclose on the Property, Plaintiff filed suit in the United States Bankruptcy Court for the District of Massachusetts. (#10-6.) The note was discharged, and the mortgage remained a valid lien on the Property. (#10-8.)

On July 31, 2008, MERS executed an "Assignment of Mortgage," showing a transfer of the mortgage to Defendant U.S. Bank, as Trustee. (*See* #10-3.) The

---

[2] The summary of facts has been drawn largely from evidence submitted by Defendants, as the exhibits that were purportedly filed by Dyer in state court were not filed in federal court, and Plaintiff has failed to resubmit them.

assignment was recorded in the Suffolk County Registry of Deeds.[3]  *Id*. MERS issued a "Confirmatory Assignment of Mortgage" on May 3, 2012, which was also recorded in the Registry of Deeds.[4]  (#10-4.)

On September 10, 2009, Dyer filed suit in the Massachusetts Superior Court in Suffolk County seeking a preliminary injunction to forestall Defendant U.S. Bank's foreclosure efforts. (#10-9.) The Superior Court denied Plaintiff's preliminary injunction request, but ultimately dismissed the case as moot, without prejudice, because Massachusetts law had changed to require certain pre-foreclosure mitigation attempts that had not yet been made; the court was of the view that U.S. Bank must restart the foreclosure process. (#10 at 6.)

On April 29, 2015, Defendant U.S. Bank notified Dyer of its intent to foreclose on the Property. (#10-5.) On May 26, 2015, in response to Defendant U.S. Bank's renewed efforts to foreclose, Dyer again filed suit in the Massachusetts Superior Court in Suffolk County. (#1-1.) Defendants subsequently removed the action to the United States District Court for the District of Massachusetts on the basis of diversity jurisdiction. (#1 at 1-2.) On July 9, 2015, Plaintiff moved for a preliminary

---

[3]  MERS executed a second assignment of the mortgage to Defendant U.S. Bank on July 25, 2011. (*See* #10 at 3 n. 2; #10-4.) Defendants note that this second assignment was a nullity as title had already been transferred with the 2008 assignment. *Id*.

[4]  The Confirmatory Assignment confirmed the 2008 assignment of the mortgage from MERS to Defendant U.S. Bank and reiterated that the 2011 transfer was invalid as MERS did not have standing to transfer the mortgage to the bank because it had already done so in 2008. (#10-4.)

injunction to prevent Defendant U.S. Bank from foreclosing on the Property. (#8.) The foreclosure sale is currently scheduled for July 17, 2015. (#9 at 1; #10 at 4.)

### III. Discussion

The preliminary injunction standard in the First Circuit is firmly established:

> In considering the request for an injunction, the district court [is] tasked with determining: 1) the movant's likelihood of success on the merits; 2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; 3) the balance of hardships between the parties; and 4) any effect that the injunction or its denial would have on the public interest.

*Diaz-Carrasquillo v. Garcia-Padilla,* 750 F.3d 7, 10 (1st Cir. 2014) (citing *Corporate Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013)). The Court has stated that "[t]hese factors are not all weighted equally, however.... Truth be told, '[l]ikelihood of success is the main bearing wall' of this 'framework.'" *W Holding Co. v. AIG Ins. Co.-Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014) (quoting *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir.1996); citing *Corporate Techs., Inc.*, 731 F.3d at 10).

Dyer bases her request for injunctive relief on four grounds: 1) U.S. Bank was not in possession of the note at the time it initiated foreclosure proceedings; 2) U.S. Bank failed to comply with the Pooling Service Agreement ("PSA"); 3) the mortgage

was not properly assigned to U.S. Bank; and 4) U.S. Bank failed to strictly comply with the statutory requirements. (#9 at 3-14.) These arguments are addressed below.[5]

### A. Holder of the Note

Massachusetts foreclosure law states, in part:

> The mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, ... may, upon breach of condition and without action, perform all acts authorized or required by the power of sale; provided, however, that no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice of the sale [is provided according to law].

Mass. Gen. Laws ch. 244, § 14; *see Eaton v. Federal Nat'l Mortg. Ass'n*, 462 Mass. 569, 581 (2012). The SJC, in *Eaton*, defined the term "mortgagee" under § 14 "to refer to the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." *Id*. at 571. Accordingly, in order to foreclose under Massachusetts law, a mortgagee must be the mortgagee of record, the holder of the mortgage note (or the authorized agent of the holder), and have complied with the statutory notice requirements. *See Olabode v. Caliber Home Loans, Inc.*, No. 15-cv-10146, 2015 WL 4111439, at *5 (D. Mass. July 8, 2015) (citing *Eaton*, 462 Mass. at 584).

---

[5] Defendants advance the argument that Dyer is judicially estopped from asserting her rights to the Property based on her representations to the Bankruptcy Court at the time her debt vis-a-vis the Property was discharged. (#10 at 7-10.) It is Defendants' position that Plaintiff relinquished her rights to the Property in exchange for the discharge of her debt. *Id*. The Court need not reach this argument as Plaintiff's claims fail as a matter of law.

Dyer argues that Defendant U.S. Bank failed to demonstrate that it was in fact the holder of the note at the time it initiated foreclosure proceedings. (#9 at 5.) This argument is without merit, as U.S. Bank has produced sufficient evidence to demonstrate that it was in possession of the note at the time it initiated foreclosure proceedings. The original note was first produced by Defendant U.S. Bank in the 2009 Superior Court case. (*See* #10-1.) Defendants have also produced a copy of an affidavit that was filed with the Suffolk County Registry of Deeds stating that on September 18, 2003, U.S. Bank was in possession of the promissory note. (#10-10.) The note has been endorsed in blank. (*See* #10-1 at 5-8.) "Under the UCC, one who possesses a note endorsed in blank is the bearer of the note." *Monges v. Wells Fargo Bank, Nat'l Ass'n*, No. 13-cv-11752, 2015 WL 1308146, at *10 (D. Mass. Mar. 23, 2015) (citing Mass. Gen. Laws ch. 106, §§3–205(b), 3–109(a)(2)). As Defendants have shown that U.S. Bank has possession of the note endorsed in blank, it is the note holder under the law.

B. Pooling and Servicing Agreement

Pooling and servicing agreements are securitized trust agreements that "operate[] as the governing document for the Trust." *Matt v. HSBC Bank*, 968 F. Supp. 2d 351, 360 (D. Mass. 2013). Plaintiff does not claim to be a party to, or an intended third-party beneficiary of, the PSA at issue in this case. With regard to a

mortgagor's standing to challenge a trust's compliance with a PSA, the First Circuit has held:

> Under Massachusetts law, it is clear that claims alleging disregard of a trust's PSA are considered voidable, not void. *See Woods* [*v. Wells Fargo Bank, N.A.*], 733 F.3d [349,] [] 354 [(1st Cir. 2013)] ('[C]laims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing.'); *Wilson* [*v. HSBC Mortg. Servs., Inc.*], 744 F.3d [1,] [] 10 [(1st Cir. 2014)] ('[W]hen a corporate officer acts beyond the scope of his authority, his acts in excess of [that] authority, although voidable by the corporation, legally could be ratified and adopted by it.') (alterations and quotation marks omitted) (quoting *Comm'r of Banks v. Tremont Trust Co.*, 259 Mass. 162, 179-80, 156 N.E. 7, 14-15 (1927)); cf. *Culhane* [*v. Aurora Loan Servs. of Neb.*], 708 F.3d [282,] [] 291[(1st Cir. 2013)] (allowing for standing where claims are predicated on the theory that 'the assignor had nothing to assign or had no authority to make an assignment to a particular assignee'). Thus, having only presented facts sufficient to show the assignment was voidable under Massachusetts law, Butler lacks standing to challenge Deutsche Bank's possession of the mortgage on this ground. *Culhane*, 708 F.3d at 291. Absent such standing, this theory as to the invalidity of [the bank's] possession cannot form the basis for relief.

*Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 (1st Cir. 2014). Dyer lacks standing to challenge U.S. Bank's compliance with the PSA, as her allegations, if taken as true, would only leave the assignment voidable, not void.

### C. Assignment of the Mortgage

The First Circuit has explained that:

> Under Massachusetts statute, only 'the mortgagee or his executors, administrators, successors or assigns' can exercise a statutory power of sale . . . and foreclose without prior judicial authorization. Mass. Gen.

> Laws ch. 183, § 21; *see also id.* ch. 244, § 14; *Culhane* [*v. Aurora Loan Servs. of Neb.*], 708 F.3d [282,] [] 290 [(1st Cir. 2013)]; *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 50 (2011). Consequently, '[a]ny effort to foreclose by a party lacking jurisdiction and authority to carry out a foreclosure under these statutes is void.' *Ibanez*, 941 N.E.2d at 50 (internal quotation marks omitted). Like the plaintiff in *Culhane*, Mills contends that the foreclosing entity, OneWest, was never assigned valid legal title, rendering the foreclosure void.

*Mills v. U.S. Bank, NA*, 753 F.3d 47, 50-51 (1st Cir. 2014); *see Wilson v. HSBC Mortg. Servs., Inc.,* 744 F.3d 1, 10 (1st Cir. 2014) ("Specific to the mortgage context, a void mortgage assignment is one in which the putative assignor never properly held the mortgage and, thus, had no interest to assign" [internal citation and quotation marks omitted]); *Galiastro v. Mortgage Electronic Registration Sys., Inc.*, 467 Mass. 160, 161 (2014).  The First Circuit has

> caution[ed] that our holding [that, in Massachusetts, a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee], narrow to begin with, is further circumscribed.  We hold only that a mortgagor has standing to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee).

*Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013) (internal citations omitted); *see also Bank of New York Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 502, 2014 WL 2808273, at *3 (Mass. App. Ct. June 24, 2014).

Dyer contends that the foreclosing mortgagee, Defendant U.S. Bank, was never assigned valid legal title and, as a consequence, the pending foreclosure on the Property is improper.

It is undisputed that MERS was the original mortgagee of the security instrument (mortgage) as nominee for the lender. (#10-2.) Defendants have submitted proof supporting the assignment of the mortgage from MERS to Defendant U.S. Bank on July 31, 2008. (#10-3.) By statute in Massachusetts, the requirements for a valid mortgage assignment are as follows:

> Notwithstanding any law to the contrary . . . [an] assignment of [a] mortgage . . . executed before a notary public . . . by a person purporting to hold the position of president, vice president, . . . or other officer . . . of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity . . . shall be binding upon such entity . . . .

Mass. Gen. Laws ch. 183, §54B. Here, the assignment is in writing signed before a notary by a Vice President of the assignor and recorded at the Registry of Deeds. *See*, *e.g.*, *U.S. Bank Nat. Ass'n v. Ibanez,* 458 Mass. 637, 651 (Mass. 2011). Clearly, the requirements of the statute have been met, and the assignment from MERS to Defendant U.S. Bank "is presumptively valid." *See Abate v. Freemont Inv. & Loan*, 2012 WL 6115613, at *10 (Mass. Land Ct. 2012), *aff'd*, 470 Mass. 821 (2015).

Further, Dyer lacks standing to take issue with any purported defect in assignment. The Massachusetts Appeals Court has held:

9

> Because the record title holder of the mortgage satisfied the dictates of the statute governing the assignment of mortgages, the homeowners have no basis for arguing that the assignment is void. Regardless of whether any hidden problems they seek to raise might provide a basis for a third party to claim that the assignment was potentially voidable, the homeowners themselves have no right to raise such issues.

*Wain*, 85 Mass. App. Ct. at 503-4; *see Butler*, 748 F.3d at 37 ("[H]aving only presented facts sufficient to show the assignment was voidable under Massachusetts law, [plaintiff] lacks standing to challenge [defendant's] possession of the mortgage on this ground").

In sum, Plaintiff has failed to show that she has a likelihood of success on the merits in proving that the mortgage assignment to Defendant U.S. Bank was in some manner improper.

### D. Statutory Compliance

Massachusetts foreclosure law provides:

> in the event a mortgagee holds a mortgage pursuant to an assignment, no notice under this section shall be valid unless (i) at the time such notice is mailed, an assignment, or a chain of assignments, evidencing the assignment of the mortgage to the foreclosing mortgagee has been duly recorded in the registry of deeds for the county or district where the land lies and (ii) the recording information for all recorded assignments is referenced in the notice of sale required in this section.

Mass. Gen. Laws ch. 244, § 14. "[C]ompliance with the section is required for a proper foreclosure." *Bank of N.Y. v. Apollos*, 2009 Mass. App. Div. 55, 2009 WL

1111198, at *1 (Mass. App. Div. April 17, 2009). However, the lack of a reference will not necessarily render a foreclosure sale invalid. *See id.* at *2.

In her motion, Plaintiff claims that U.S. Bank "does not have standing to enforce the power of sale in the Plaintiff['s] mortgage, as it has not complied with the mandated statutory condition precedents under G.L. c. 244 § 14." (#9 at 2 [emphasis omitted].) She argues that any purported assignments were not made in compliance with the terms of the trust's PSA, and the assignment was otherwise invalid. (#9 at 2-10.) As discussed above, Plaintiff lacks standing to challenge the assignment on those grounds. As a result, she cannot succeed on a claim that U.S. Bank lacks authority to conduct a foreclosure sale. *See* Mass. Gen. Laws ch. 183, § 21 (providing that the mortgagee, or its successors or assigns, hold the "Statutory Power of Sale").

As for the first part of chapter 244, § 14, the assignment of the mortgage was "duly recorded in the registry of deeds for the county or district where the land lies." *See* Mass. Gen. Laws ch. 244, § 14. It is undisputed that the Property sits in Suffolk County, Massachusetts. Defendant has submitted a copy of the assignment of the mortgage from MERS to U.S. Bank on July 31, 2008. (#10-3.) That document shows that the assignment was recorded on August 8, 2009, in the Suffolk County Registry of Deeds in Book 45341, page 123. *Id.* In addition, a copy of the Confirmatory

Assignment,[6] dated May 3, 2012, both confirms that recording, and was itself recorded on May 9, 2012 in the Suffolk County Registry of Deeds in Book 49484, page 218. (#10-4.) Hence, there is no question that the assignment was duly recorded in compliance with the statute.

The statute also requires that "the recording information for all recorded assignments is referenced in the notice of sale required in this section." Mass. Gen. Laws ch. 244, § 14. Defendants have submitted a copy of the notice of sale:

> By virtue and in execution of the Power of Sale contained in a certain Mortgage given by Edythe L. Dyer to Mortgage Electronic Registration Systems, Inc., as nominee for Dream House Mortgage Corporation…, its successors and assigns, dated March 31, 2008 and recorded with the Suffolk County Registry of Deeds at Book 34154, Page 247, subsequently assigned to U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage Pass-Thru Certificates, Series 2005-2 by Mortgage Electronic Registration Systems, Inc., as nominee for Dream House Mortgage Corporation, its successors and assigns by assignment recorded in said Registry of Deeds in Book 49484, Page 218, of which the Mortgagee the undersigned is the present holder, 34154, Page 247, subsequently assigned to [U.S. Bank] by Mortgage Electronic Registration Systems, Inc. by assignment recorded in said Registry of Deeds in Book 45341, Page 123 confirmed by assignment to [U.S. Bank] by Mortgage Electronic Registration Systems, Inc. as nominee for Dream House Mortgage Corporation, it successors and assigns by assignment recorded in said Registry of Deeds in Book 49484, Page 218, of which the Mortgage [U.S. Bank] is the present holder, for breach of the conditions of said Mortgage and for the purpose of foreclosing the same will be sold at Public Auction . . .

---

[6] A confirmatory assignment is evidence that an assignment was made previously. *See Ibanez*, 458 Mass. at 654 (quoting *Scaplen v. Blanchard*, 187 Mass. 73, 76 (1904)); *see also Juarez v. U.S. Bank Nat. Ass'n*, No. 11-cv-10318, 2014 WL 815343, at *3 (D. Mass. Mar. 1, 2014).

(#10-5.) The notice of sale provides a detailed explanation of the assignment of the mortgage, and meets or exceeds all requirements under Mass. Gen. Laws ch. 244, § 14.

Plaintiff has not shown any likelihood of success on the merits in proving that Defendant U.S. Bank has not strictly complied with the statutory requirements.

### E. Likelihood of Success on the Merits

Dyer has failed to demonstrate that she has a likelihood of success on the merits with respect to her claim that Defendant U.S. Bank's foreclosure on the Property is improper. Most of Plaintiff's arguments ignore well established law in Massachusetts law and this Circuit, and all of her claims are without merit. Defendant U.S. Bank has demonstrated its compliance with the statutory requirements for a mortgagee to successfully foreclose via exercising its rights under the power of sale.

### F. Risk of Irreparable Harm

In its analysis of irreparable harm in the context of a motion for preliminary injunction, the First Circuit has held such harm should be measured

> on a sliding scale, working in conjunction with a moving party's likelihood of success on the merits, such that the strength of the showing necessary on irreparable harm depends in part on the degree of likelihood of success shown.

*Spruce Envtl. Tech., Inc. v. Festa Radon Tech., Co.,* No. 15-cv-11521, 2015 WL 4038802, at *5 (D. Mass. July 2, 2015) (quoting *Braintree Labs., Inc. v. Citigroup Global Markets Inc.*, 622 F.3d 36, 42-43 (1st Cir. 2010)).

Here, while Plaintiff is at risk of losing the Property if U.S. Bank is allowed to foreclose, it appears that such a result is inevitable. Dyer extinguished her rights in the Property when her debt was discharged by the Bankruptcy Court, she has maintained possession of the Property since 2007 without making the requisite payments under the mortgage, and she would have likely lost the Property in her 2009 Superior Court action had there not been a change in the law. All of these factors substantially degrade the severity of the harm Plaintiff faces if the preliminary injunction were to be denied.

## G. <u>Balance of Hardships</u>[7]

The balance of hardships in the instant case favors Defendants. Such a determination comes down to a financial calculation. Plaintiff has been in default for over seven years, yet has maintained possession of the Property. Throughout this better part of a decade, she has withheld payments rightfully owed to Defendants under the terms of the mortgage. To allow Dyer's motion would extend this period of non-payment through the course of this litigation and would leave Defendants unable

---

[7] Neither party has addressed the last two prongs of the preliminary injunction test. (*See* ## 9, 10.) Nevertheless, the Court will analyze those prongs to determine the potential effects of ruling in favor of either party.

to recover their loss, beyond what can be recouped through the sale of the property. Further, Dyer gave up her rights to the Property in the bankruptcy proceeding. The balance of hardship tips in favor of Defendants.

### H. Effect on Public Interest

The denial of the preliminary injunction comports with public policy as Defendants have complied with the statutory requirements, and are therefore legally authorized to foreclose.

### IV. CONCLUSION

With respect to the merits of her claim, Dyer has failed to demonstrate a likelihood of success. The potential harm she will suffer is irreparable, but is mitigated because her claims lack merit. The balance of hardships tips in Defendants' favor. Finally, the effect on public interest favors denial of the preliminary injunction. After due consideration to all of the relevant factors, Plaintiff's Motion for Preliminary Injunction (#8) is DENIED.

July 16, 2015                              /s/ M. Page Kelley
                                           M. Page Kelley
                                           United States Magistrate Judge