UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDYTHE L. DYER,
     Plaintiff,


     v.                          CIVIL ACTION NO. 15-12820-MPK[1]


U.S. BANK, N.A., AS TRUSTEE
FOR CSFB MORTGAGE-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-2,
and WELLS FARGO BANK,
N.A., D/B/A AMERICA'S
SERVICING COMPANY,
     Defendants.


MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (#14).


KELLEY, U.S.M.J.

I. Introduction

Plaintiff Edythe Dyer resides at 41 Commonwealth Avenue Unit #9, Boston, Massachusetts

(the "Property"). (#1-1 at 3.) Dyer filed the instant action in the Massachusetts Superior Court in

Suffolk County on May 26, 2015. (#1.) Defendants U.S. Bank, N.A. and Wells Fargo Bank, N.A.

subsequently removed the action to the United States District Court for the District of

Massachusetts. *Id.* On July 16, 2015, Defendants moved for judgment on the pleadings (#14), and

Plaintiff responded in opposition (#19). At this juncture, the motion has been fully briefed (##14,

15, 19) and stands ready for decision.

---

[1]

     On July 8, 2015, with the parties' consent, this case was reassigned to the undersigned for all
purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636( c). (#7.)

## II. Facts

Plaintiff entered into a mortgage agreement with Dreamhouse Mortgage Corporation on March 31, 2004 in the amount of $540,000.00. (#1-1 at 5; #16 at 46-48, 50-64.) Dyer granted the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Dreamhouse and its successors and assigns. (*See* #16 at 50-64.) In 2007, Dyer defaulted on the mortgage. (#15 at 1.) On June 5, 2008, in response to Defendant U.S. Bank's attempt to foreclose on the Property, Plaintiff filed suit in the United States Bankruptcy Court for the District of Massachusetts. (#15-6.) The note was discharged, and the mortgage remained a valid lien on the Property. (#15-8.)

On July 31, 2008, MERS executed an "Assignment of Mortgage," showing a transfer of the mortgage to Defendant U.S. Bank, as Trustee. (*See* #15-3.) The assignment was recorded in the Suffolk County Registry of Deeds.[2] *Id*. MERS issued a "Confirmatory Assignment of Mortgage" on May 3, 2012, which was also recorded in the Registry of Deeds.[3] (#15-4.)

On September 10, 2009, Dyer filed suit in the Massachusetts Superior Court in Suffolk County seeking a preliminary injunction to forestall Defendant U.S. Bank's foreclosure efforts. (#15-9.) The Superior Court denied Plaintiff's preliminary injunction request, but ultimately

---

[2]

MERS executed a second assignment of the mortgage to Defendant U.S. Bank on July 25, 2011. (*See* #15 at 4 n. 3; #16-8 at 64.) Defendants note that this second assignment was a nullity as title had already been transferred with the 2008 assignment. *Id*.

[3]

A confirmatory assignment is evidence that an assignment was made previously. *See U.S. Bank National Association v. Ibanez*, 458 Mass. 637, 654 (2011) (quoting *Scaplen v. Blanchard*, 187 Mass. 73, 76 (1904)); *see also Juarez v. U.S. Bank Nat. Ass'n*, No. 11-cv-10318, 2014 WL 815343, at *3 (D. Mass. Mar. 1, 2014). The Confirmatory Assignment confirmed the 2008 assignment of the mortgage from MERS to Defendant U.S. Bank and reiterated that the 2011 transfer was invalid as MERS did not have standing to transfer the mortgage to the bank because it had already done so in 2008. (#15-4.)

dismissed the case as moot, without prejudice, because Massachusetts law had changed to require certain pre-foreclosure mitigation attempts that had not yet been made. (#16 at 43-44.)

On April 29, 2015, Defendant U.S. Bank notified Dyer of its intent to foreclose on the Property. (#15-5; #16-8 at 57-59.) On May 26, 2015, in response to Defendant U.S. Bank's renewed efforts to foreclose, Dyer again filed suit in the Massachusetts Superior Court in Suffolk County. (#1-1.) Predecessor counsel for Defendants answered the complaint on June 1, 2015. (#16 at 35-41.) Defendants subsequently removed the action to the United States District Court for the District of Massachusetts on the basis of diversity jurisdiction. (#1 at 1-2.) On July 9, 2015, Plaintiff moved for a preliminary injunction to prevent Defendant U.S. Bank from foreclosing on the Property. (#8.) On July 16, 2015, after a hearing was held on the matter, Plaintiff's motion for preliminary injunction was denied. (#13.) Defendants then filed the instant motion and accompanying memorandum in support. (##14, 15.)

### III. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Pérez Acevedo v. Rivero–Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (citing *Curran v. Cousins*, 509 F.3d 36, 43–44 (1st Cir. 2007)). Motions for dismissal and judgment on the pleadings are governed by the same standard. *4MVR, LLC v. Hill*, No. 12-cv-10674, 2015 WL 3884054, at *6 (D. Mass. June 24, 2015). "A Rule 12© motion nonetheless differs from a Rule 12(b)(6) motion because it implicates the pleadings as a whole." *Santiago v. Bloise*, 741 F. Supp.2d 357, 360 (D. Mass. 2010) (citation and internal quotation mark omitted). Facts in the answer, however, "are taken as true only where and

to the extent that they have not been denied or do not conflict with those of the complaint." *Id.* (citation omitted).

To survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. . . .'" *Pérez–Acevedo*, 520 F.3d at 29 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must consider the well-pleaded facts "in the light most favorable to the non-moving party" and "draw[ ] all reasonable inferences in its favor." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (citing *Curran*, 509 F.3d at 43).

Subject to certain narrow exceptions and absent a conversion of the Rule 12(c) motion to a summary judgment motion under the procedure set forth in Rule 12(d), the court's review is confined to the complaint and the answer. Exceptions exist that allow consideration of "facts susceptible to judicial notice." *R.G. Financial Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir. 2006) (discussing Rule 12© motion). In evaluating a Rule 12(c) motion, a court may also "consider documents the authenticity of which are not disputed by the parties " as well as "documents central to the plaintiff's claim" and "documents sufficiently referred to in the complaint." *Curran*, 509 F.3d at 44; *see also Trans–Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321–322 (1st Cir. 2008); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). When the documents submitted are part of the public record, the court may consider them without converting the motion to dismiss into a motion for summary judgment. *See In re Stone & Webster*, 253 F. Supp.2d 102, 128 & n. 11 (D. Mass. 2003).

IV. <u>Discussion</u>

Defendants argue that Dyer has failed sufficiently to allege any cause of action upon which relief can be granted, and therefore all claims must be dismissed. (#14.)  It is Defendants' position that U.S. Bank complied with the requirements of Mass. Gen. L. c. 244, § 14 in its foreclosure efforts, Dyer has failed to plead the requisite elements for the claim of slander of title, and Plaintiff's Mass. Gen. L. c. 93A claim fails to allege unfair and deceptive conduct, or, in the alternative, is time barred.[4]  (#15.)

A. Compliance with  Mass. Gen. L. c. 244, § 14 (Count I)[5]

Count I alleges that Defendant U.S. Bank failed to comply with the statutory conditions set forth in Mass. Gen. L. c. 244, § 14. (#1-1 at 15-17.)  Examination of Plaintiff's allegations, the relevant documents appended to the complaint, and the documents submitted by Defendants that are public record results in a finding that Count I fails as a matter of law because Dyer either lacks standing to bring her claims or the allegations are refuted by documented evidence.[6]  Plaintiff's

---

[4]

Defendants also advance the argument that Dyer is judicially estopped from asserting her rights to the Property based on her representations to the Bankruptcy Court at the time her debt vis-a-vis the Property was discharged. (#15 at 7-9.)  It is Defendants' position that Plaintiff relinquished her rights to the Property in exchange for the discharge of her debt. *Id.*  This argument is confined to Dyer's challenge to Defendant U.S. Bank's actions with respect to the foreclosure of the Property. (*See* #15 at 7.)  The Court need not reach this argument, as Plaintiff's claims challenging the propriety of the foreclosure, Count I, fail as a matter of law.

[5]

The allegations contained in Count I were previously addressed in the Court's preliminary injunction decision. (#13.) Plaintiff's claims were found to be without merit. *See id* at 13.  It is Plaintiff's position, with respect to Count I in the instant motion, that she has satisfied the lower standard of Rule 12( c), in that she has stated a claim for relief that is plausible on its face. (#19 at 7-9.) While the burden is lower at this stage of the litigation, Plaintiff's allegations in Count I remain insufficient to survive a challenge to their facial plausibility.

[6]

When a written instrument contradicts allegations in the complaint, the document trumps the allegations. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000).

allegations with respect to Count I are comprised of four arguments: 1) failure to comply with the terms of the pooling and servicing agreement; 2) improper assignment of the mortgage; 3) U.S. Bank was not the holder of the note at the time of foreclosure; and 4) Defendant U.S. Bank failed to comply with the statutory requirements in its initiation of foreclosure proceedings. (#1-1.)

### 1. Pooling and Servicing Agreement

Plaintiff alleges that Defendant U.S. Bank failed to comply with the terms of the Pooling and Servicing Agreement ("PSA") with respect to the assignment of Dyer's mortgage. (#1-1 at 15.) PSAs are securitized trust agreements that "operate[] as the governing document for the Trust." *Matt v. HSBC Bank*, 968 F. Supp.2d 351, 360 (D. Mass. 2013). Plaintiff does not claim to be a party to, or an intended third-party beneficiary of, the PSA at issue in this case.

With regard to a mortgagor's standing to challenge a trust's compliance with a PSA, the First Circuit has held:

> Under Massachusetts law, it is clear that claims alleging disregard of a trust's PSA are considered voidable, not void. *See Woods* [*v. Wells Fargo Bank, N.A.*], 733 F.3d [349,] [] 354 [(1st Cir. 2013)] ('[C]laims that merely assert procedural infirmities in the assignment of a mortgage, such as a failure to abide by the terms of a governing trust agreement, are barred for lack of standing.'); *Wilson* [*v. HSBC Mortg. Servs., Inc.*], 744 F.3d [1,] [] 10 [(1st Cir. 2014)] ('[W]hen a corporate officer acts beyond the scope of his authority, his acts in excess of [that] authority, although voidable by the corporation, legally could be ratified and adopted by it.') (alterations and quotation marks omitted) (quoting *Comm'r of Banks v. Tremont Trust Co.*, 259 Mass. 162, 179-80, 156 N.E. 7, 14-15 (1927)); cf. *Culhane* [*v. Aurora Loan Servs. of Neb.*], 708 F.3d [282,] [] 291[(1st Cir. 2013)] (allowing for standing where claims are predicated on the theory that 'the assignor had nothing to assign or had no authority to make an assignment to a particular assignee'). Thus, having only presented facts sufficient to show the assignment was voidable under Massachusetts law, Butler lacks standing to challenge Deutsche Bank's possession of the mortgage on this ground. *Culhane*, 708 F.3d at 291. Absent such standing, this theory as to the invalidity of [the bank's] possession cannot form the basis for relief.

*Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 (1st Cir. 2014). Under the law, Plaintiff lacks standing to challenge U.S. Bank's compliance with the PSA, as her allegations, if taken as true, would only leave the assignment voidable, not void.

### 2. Assignment of the Mortgage

The First Circuit has explained that:

> Under Massachusetts statute, only 'the mortgagee or his executors, administrators, successors or assigns' can exercise a statutory power of sale . . . and foreclose without prior judicial authorization. Mass. Gen. Laws ch. 183, § 21; *see also id.* ch. 244, § 14; *Culhane* [*v. Aurora Loan Servs. of Neb.*], 708 F.3d [282,] [] 290 [(1st Cir. 2013)]; *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 50 (2011). Consequently, '[a]ny effort to foreclose by a party lacking jurisdiction and authority to carry out a foreclosure under these statutes is void.' *Ibanez*, 941 N.E.2d at 50 (internal quotation marks omitted). Like the plaintiff in *Culhane*, Mills contends that the foreclosing entity, OneWest, was never assigned valid legal title, rendering the foreclosure void.

*Mills v. U.S. Bank, NA*, 753 F.3d 47, 50-51 (1st Cir. 2014); *see Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 10 (1st Cir. 2014) ("Specific to the mortgage context, a void mortgage assignment is one in which the putative assignor never properly held the mortgage and, thus, had no interest to assign.") (internal citation and quotation marks omitted); *Galiastro v. Mortgage Electronic Registration Sys., Inc.*, 467 Mass. 160, 161 (2014). The First Circuit has

> caution[ed] that our holding [that, in Massachusetts, a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee], narrow to begin with, is further circumscribed. We hold only that a mortgagor has standing to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee).

*Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013) (internal citations omitted); *see also Bank of New York Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 502, 2014 WL 2808273, at *3 (Mass. App. Ct. June 24, 2014).

Dyer contends that the foreclosing mortgagee, Defendant U.S. Bank, was never assigned valid legal title and, as a consequence, foreclosure on the Property is improper. (#1-1 at 15-17.) It is undisputed that MERS was the original mortgagee of the security instrument (mortgage) as nominee for the lender. (#15-2.)  Defendants have submitted publicly recorded documentation supporting the assignment of the mortgage from MERS to Defendant U.S. Bank on July 31, 2008. (#15-3; 16-8 at 61-62.)   By statute in Massachusetts, the requirements for a valid mortgage assignment are as follows:

> Notwithstanding any law to the contrary . . . [an] assignment of [a] mortgage . . . executed before a notary public . . . by a person purporting to hold the position of president, vice president, . . . or other officer . . . of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity . . . shall be binding upon such entity . . . .

Mass. Gen. Laws ch. 183, §54B. Here, the assignment is in writing signed before a notary by a Vice President of the assignor and recorded at the Registry of Deeds.  *See*, *e.g.*, *U.S. Bank Nat. Ass'n v. Ibanez,* 458 Mass. 637, 651 (2011).   The requirements of the statute have been met, and the assignment from MERS to Defendant U.S. Bank "is presumptively valid."  *See Abate v. Freemont Inv. & Loan*, 2012 WL 6115613, at *10 (Mass. Land Ct. 2012), *aff'd*, 470 Mass. 821 (2015).

Further, Dyer lacks standing to take issue with any purported defect in assignment.  The Massachusetts Appeals Court has held:

> Because the  record title holder of the mortgage satisfied the dictates of the statute governing the assignment of mortgages, the homeowners have no basis for arguing that the assignment is void.  Regardless of whether any hidden problems they seek to raise might provide a basis for a third party to claim that the assignment was potentially voidable, the homeowners themselves have no right to raise such issues.

*Wain*, 85 Mass. App. Ct. at 503-4; *see Butler*, 748 F.3d at 37 ("[H]aving only presented facts sufficient to show the assignment was voidable under Massachusetts law, [plaintiff] lacks standing

to challenge [defendant's] possession of the mortgage on this ground."). Under the law, Plaintiff's allegation that the mortgage assignment to Defendant U.S. Bank was in some manner improper fails.

### 3. Holder of the Note

Massachusetts foreclosure law states, in part:

> The mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, . . . may, upon breach of condition and without action, perform all acts authorized or required by the power of sale; provided, however, that no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice of the sale [is provided according to law].

Mass. Gen. L. c. 244, § 14; *see Eaton v. Federal Nat'l Mortg. Ass'n*, 462 Mass. 569, 581 (2012). The SJC, in *Eaton*, defined the term "mortgagee" under § 14 "to refer to the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." *Id*. at 571. Accordingly, in order to foreclose under Massachusetts law, a mortgagee must be the mortgagee of record, the holder of the mortgage note (or the authorized agent of the holder), and have complied with the statutory notice requirements. *See Olabode v. Caliber Home Loans, Inc.*, No. 15-cv-10146, 2015 WL 4111439, at *5 (D. Mass. July 8, 2015) (citing *Eaton*, 462 Mass. at 584).

Dyer argues that Defendant U.S. Bank failed to demonstrate that it was in fact the holder of the note at the time it initiated foreclosure proceedings. (#19 at 9-13.)  This argument is without merit, as there is overwhelming evidence demonstrating that U.S. Bank was in possession of the note at the time it initiated foreclosure proceedings.  The original note was first produced by Defendant U.S. Bank in the 2009 Superior Court case. (*See* #16 at 46-48.)  Defendants have also produced a copy of an affidavit that was filed with the Suffolk County Registry of Deeds stating that on September 18, 2003 U.S. Bank was in possession of the promissory note. (#10-10.) The note has

been endorsed in blank. (*See* #15-1 at 5-8; #16 at 46-48.) "Under the UCC, one who possesses a note endorsed in blank is the bearer of the note." *Monges v. Wells Fargo Bank, Nat'l Ass'n*, No. 13-cv-11752, 2015 WL 1308146, at *10 (D. Mass. Mar. 23, 2015) (citing Mass. Gen. Laws c. 106, §§3–205(b), 3–109(a)(2)). It is evident that U.S. Bank has possession of the note endorsed in blank and as such it is the note holder under the law.

### 4. Statutory Compliance

Under Massachusetts law:

> in the event a mortgagee holds a mortgage pursuant to an assignment, no notice under this section shall be valid unless (i) at the time such notice is mailed, an assignment, or a chain of assignments, evidencing the assignment of the mortgage to the foreclosing mortgagee has been duly recorded in the registry of deeds for the county or district where the land lies and (ii) the recording information for all recorded assignments is referenced in the notice of sale required in this section.

Mass. Gen. L. c. 244, § 14. "[C]ompliance with the section is required for a proper foreclosure." *Bank of N.Y. v. Apollos*, 2009 Mass. App. Div. 55, 2009 WL 1111198, at *1 (Mass. App. Div. April 17, 2009).  However, the lack of a reference to the assignment will not necessarily render a foreclosure sale invalid.  *See id.* at *2.

In her complaint, Plaintiff alleges that U.S. Bank does not have standing to enforce the power of sale in the Dyer's mortgage, as it has not complied with the mandated statutory condition precedents under Mass. Gen. L. c. 244, § 14. (#1-1 at 15-17.)  She argues that any purported assignments were not made in compliance with the terms of the trust's PSA, and the assignment was otherwise invalid. *Id.* As discussed above, Plaintiff lacks standing to challenge the assignment on those grounds. As a result, she cannot succeed on a claim that U.S. Bank lacks authority to conduct a foreclosure sale. *See* Mass. Gen. L. c. 183, § 21 (providing that the mortgagee, or its successors or assigns, hold the "Statutory Power of Sale").

As for the first part of chapter 244, § 14, the assignment of the mortgage was "duly recorded in the registry of deeds for the county or district where the land lies." *See* Mass. Gen. L. c. 244, § 14. It is undisputed that the Property sits in Suffolk County, Massachusetts.[7] A July 31, 2008 assignment of the mortgage from MERS to U.S. Bank was recorded on August 8, 2009, in the Suffolk County Registry of Deeds in Book 45341, page 123. (#16-3.)   In addition, a copy of the Confirmatory Assignment, dated May 3, 2012, both confirms that recording, and was itself recorded on May 9, 2012 in the Suffolk County Registry of Deeds in Book 49484, page 218. (#15-4.)  Hence, there is no question that the assignment was duly recorded in compliance with the statute.

The statute also requires that "the recording information for all recorded assignments is referenced in the notice of sale required in this section." Mass. Gen. L. c. 244, § 14. Defendants have submitted a copy of the notice of sale:

> By virtue and in execution of the Power of Sale contained in a certain Mortgage given by Edythe L. Dyer to Mortgage Electronic Registration Systems, Inc., as nominee for Dream House Mortgage Corporation . . . , its successors and assigns, dated March 31, 2008 and recorded with the Suffolk County Registry of Deeds at Book 34154, Page 247, subsequently assigned to U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage Pass-Thru Certificates, Series 2005-2 by Mortgage Electronic Registration Systems, Inc., as nominee for Dream House Mortgage Corporation, its successors and assigns by assignment recorded in said Registry of Deeds in Book 49484, Page 218, of which the Mortgagee the undersigned is the present holder, 34154, Page 247, subsequently assigned to [U.S. Bank] by Mortgage Electronic Registration Systems, Inc. by assignment recorded in said Registry of Deeds in Book 45341, Page 123 confirmed by assignment to [U.S. Bank] by Mortgage Electronic Registration Systems, Inc. as nominee for Dream House Mortgage Corporation, it successors and assigns by assignment recorded in said Registry of Deeds in Book 49484, Page 218, of which the Mortgage [U.S. Bank] is the present holder, for breach of the conditions of said Mortgage and for the purpose of foreclosing the same will be sold at Public Auction . . .

---

[7]
Plaintiff incorrectly alleges that Defendants failed to record the requisite documents in the Barnstable County Registry of Deeds. (*See* #1-1 at 15-16.)

(#16-5.)  The notice of sale provides a detailed explanation of the assignment of the mortgage, and meets or exceeds all requirements under Mass. Gen. L. c. 244, § 14.

For all these reasons, the allegations set forth in Count I fail to state any viable cause of action, and are, therefore, dismissed.

### B. Slander of Title (Count II)

"To prove slander of title, a plaintiff must show that '(1) the defendant made a false statement, (2) which was published with malice, and (3) caused injury to the plaintiff.'" *Dumeus v. CitiMortgage, Inc.,* No. 13-cv-12016, 2015 WL 404611, at * 2 (D. Mass. Jan. 29, 2015) (quoting *George v. Teare*, No. CA994102, 12 Mass. L. Rptr. 274, at *3 (Mass. Sup. Ct. Sept. 5, 2000)).  Dyer concedes that her "slander of title claim is wholly derivative of her claims discussed [] in Count I . . . ." (#19 at 19) (emphasis omitted).  As stated above, Count I fails the test of facial plausibility, as U.S. Bank was legally authorized to take the actions in question. Thus, Count II fails as a matter of law.

### C. Mass. Gen. L. c. 93A (Count III)

Dyer's allegations in Count III are facially deficient in that Plaintiff has failed to abide by two of the basic requirements to set forth a viable cause of action under c. 93A:

> Chapter 93A provides in relevant part that '[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.' Mass. Gen. Laws ch. 93A, § 9(3). The statutory notice requirement is not merely a procedural nicety, but, rather, a prerequisite to suit. *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir.2004) (quoting *Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 333 N.E.2d 202, 204 (1975)). Furthermore, as a special element of the cause of action, it must be alleged in the plaintiff's complaint. *Id*. (quoting *Entrialgo*, 368 Mass. at 812, 333 N.E.2d at 204).

*Akar v. Federal Nat. Mortg. Ass'n*, 845 F. Supp.2d 381, 404 (D. Mass. 2012) (emphasis added). The only reference to a c. 93A demand letter in the entirety of the complaint appears in paragraph 116: "Plaintiff sets out this count herein, simultaneous with her utilization of the same to represent her demand letter as required under G.L. c. 93A." The Court reads this to mean that Dyer is relying on the information contained within the complaint to satisfy the requirement that she produce a written demand for relief. Such reliance is in violation of the statute's requirement that written notice be communicated "at least 30 days prior to the filing of any such action." Mass. Gen. L. c. 93A, § 9(3). Further, Plaintiff has not alleged that such a letter was sent to Defendants, as is required. Count III fails as a matter of law and shall be dismissed.

## V. Conclusion

For all the reasons stated, it is ORDERED that Defendants' Motion for Judgment on the Pleadings (#14) be, and the same hereby is, ALLOWED.  Judgment shall enter for Defendants.


October 23, 2015                                    /s/ M. Page Kelley
                                                    M. Page Kelley
                                                    United States Magistrate Judge